```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GARY WILLIAMS,

                Petitioner,
                                                                    OPINION AND ORDER
       -against-                                                    05-CV-2479 (NG) (VVP)

DALE ARTUS, Superintendent of Clinton
Correctional Facility,

                Respondent.
------------------------------------------------------------x
```

**GERSHON, United States District Judge:**

*Pro se* petitioner Gary Williams filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is being held in custody in violation of the Constitution and laws of the United States pursuant to the judgment of a court of the State of New York. For the reasons stated below, petitioner's application for a writ of habeas corpus is denied.

## I. PROCEDURAL HISTORY

Following a jury trial in New York Supreme Court, Queens County (Buchter, J.), petitioner was convicted of sodomy in the first degree, N.Y. Penal Law § 130.50[1], one count of incest, N.Y. Penal Law § 255.25, and one count of menacing in the second degree, N.Y. Penal Law § 120.14[1]. Following his adjudication as a mandatory persistent violent felony offender, pursuant to N.Y. Penal Law § 70.08, petitioner was sentenced to concurrent indeterminate prison terms of twenty-five years to life for the sodomy conviction and two to four years for the incest conviction, and to a concurrent, one year definite prison term for the menacing conviction.

On direct appeal to the Appellate Division, Second Department, petitioner raised two claims: (1) the prosecutor engaged in repeated misconduct during summation; and (2) the trial court

improperly instructed the jury with regard to the definition of reasonable doubt in a supplemental charge, because, in response to a note from the jury, the trial court instructed the jury that "the doubt of guilt is not reasonable if *inferred* of being based on the nature and quality of the evidence or the insufficiency of the evidence, it is based on some guess or whim or speculation unrelated to the evidence in this case." Tr. 487 (emphasis added).

On February 14, 2003, after petitioner filed his direct appeal, the People filed a motion before the trial court to resettle the record regarding the portion of the jury instructions challenged by petitioner on appeal. The People argued that, because of a stenographic error, the trial transcript, as relied on by petitioner in his appeal, was inaccurate and that the word "instead" should be substituted for the word "inferred." On April 29, 2003, the trial court granted the People's motion to resettle the record by substituting "instead" for "inferred." *People v. Williams*, No. 1336/00, slip op. at 2 (N.Y. Sup. Ct. Apr. 29, 2003)(Buchter, J.). Petitioner filed a notice of appeal, challenging the trial court's decision to resettle the record. In his reply brief, petitioner supplemented his second claim by arguing that the trial court erred by resettling the record without first conducting a hearing.

By order dated December 8, 2003, the Appellate Division affirmed petitioner's conviction. The Appellate Division held that petitioner's prosecutorial misconduct claim was "for the most part, unpreserved for appellate review" and, in any event, without merit because "the prosecutor's comments either were fair comment on the evidence, permissive rhetorical comment, responsive to the defense counsel's summation, or not so prejudicial as to constitute reversible error." *People v. Williams*, 2 A.D.3d 546 (2d Dep't 2003)(citations omitted). The Appellate Division further held that "the trial transcript has since been properly resettled to reflect that the challenged portions of the charge represented transcription errors." *Id.* (citations omitted). Finally, the Appellate Division held

2

that petitioner's argument that the trial court erred by resettling the record without first conducting a hearing was without merit. *Id.* Petitioner's application for leave to appeal to the New York Court of Appeals was denied on February 26, 2004. *People v. Williams*, 1 N.Y.3d 636 (2004).

On May 10, 2005, petitioner filed an application for a writ of habeas corpus. The petition states the same grounds petitioner raised on direct appeal: (1) the prosecutor engaged in repeated misconduct during summation; and (2) the trial court improperly instructed the jury on the definition of reasonable doubt. In a letter dated September 28, 2005, petitioner requested that the court hold his petition in abeyance pending state court proceedings with respect to issues not raised in his original petition, or in the alternative, dismiss the petition without prejudice. Specifically, petitioner stated that he had filed a post-conviction motion, pursuant to N.Y. Crim. Proc. Law § 440.10, to vacate the judgment on the ground that he received the ineffective assistance of trial counsel. On December 21, 2005, the trial court denied petitioner's motion, stating that petitioner's claims were procedurally barred from review and, in any event, without merit because petitioner had received the effective assistance of counsel. *People v. Williams*, No. 1336/00, slip op. at 1-2 (N.Y. Sup. Ct. Dec. 21, 2005)(Buchter, J.). By order dated April 14, 2006, this court, in accordance with *Rhines v. Weber*, 544 U.S. 269, 277 (2005), denied petitioner's application for a stay without prejudice to re-filing his request by June 12, 2006, together with a showing: (1) of good cause for failure to exhaust his ineffective assistance of counsel claim; and (2) that the new claim is not plainly meritless.

In response to the court's order, petitioner submitted an undated letter, which was postmarked on June 6, 2006. Petitioner stated that he is a "dysfunctional illiterate" and asked someone to file the petition on his behalf, but that individual failed to include the claim that

3

petitioner's conviction was against the weight of the evidence. Petitioner made no specific mention of his previously asserted ineffective assistance of trial counsel claim, but rather advised the court that he had just recently filed an application for a writ of error *coram nobis* in the Appellate Division, Second Department, claiming ineffective assistance of appellate counsel based on appellate counsel's failure to argue that petitioner's conviction was against the weight of the evidence. The Appellate Division denied petitioner's application, stating that petitioner has "failed to establish that he was denied the effective assistance of appellate counsel." *People v. Williams*, 31 A.D.3d 798 (2d Dep't 2006). On October 30, 2006, petitioner was denied leave to appeal to the New York Court of Appeals. *People v. Williams*, ---N.Y.3d --- (2006). By letter dated November 2, 2006, petitioner advised the court that his ineffective assistance of appellate counsel claim was exhausted and requested that the court permit him to amend his petition to assert this new claim. In light of petitioner's previously asserted interest in pursuing an ineffective assistance of trial counsel claim, the court will assume he seeks leave to amend to add that claim as well.

## II. DISCUSSION

### A. AEDPA

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, a federal court may grant a writ of habeas corpus to a state prisoner on a claim that was "adjudicated on the merits" in state court only if it concludes that adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Determinations of factual

4

issues made by a state court "shall be presumed to be correct," and the applicant "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Under the "contrary to" clause, "a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000)(O'Connor, J., concurring and writing for the majority in this part). Under the "unreasonable application" clause, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *see Carey v. Musladin*, --- U.S. --- (2006)(noting that in the absence of applicable Supreme Court holdings, "it cannot be said that a state court unreasonably applied clearly established Federal law.") Under this standard, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411. In order to grant the writ, there must be "[s]ome increment of incorrectness beyond error," although "the increment need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." *Francis S. v. Stone*, 221 F.3d 100, 111 (2d Cir. 2000)(internal quotation marks omitted).

### B. Merits of Petitioner's Claims

#### 1. Prosecutorial Misconduct

Petitioner argues that he was denied a fair trial because, during his summation, the prosecutor

5

engaged in repeated misconduct. Specifically, petitioner asserts that the prosecutor: (1) mischaracterized defense counsel's arguments; (2) advanced misleading arguments; (3) misused a stipulation entered in evidence; (4) vouched for the credibility of the victim; (5) shifted the burden of proof; and (6) improperly invoked the Bible.[1]

Prosecutorial misconduct does not give rise to a constitutional violation unless the misconduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974). "It is not enough that the prosecutors' remarks were undesirable or even universally condemned." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986). Rather, a petitioner must point to specific instances of "egregious misconduct," *Donnelly,* 416 U.S. at 647-48, such that petitioner was substantially prejudiced. *Floyd v. Meachum*, 907 F.2d 347, 355 (2d Cir. 1990). In assessing the propriety of the prosecutor's remarks, the court considers "the severity of the misconduct, the measures adopted to cure it, and the certainty of conviction in the absence of the misconduct." *United States v. Shareef*, 190 F.3d 71, 78 (2d Cir. 1999)(citing *United States v. Melendez*, 57 F.3d 238, 241 (2d Cir. 1995)).

Petitioner asserts that he was denied a fair trial because, during summation, the prosecutor mischaracterized defense counsel's theory and advanced misleading arguments. Petitioner's claims are without merit. The prosecutor's comments were either fair inferences from the facts elicited at trial or responsive to specific comments made by defense counsel during summation.

Petitioner also contends that the prosecutor misused a stipulation that was entered into

---

[1] Petitioner's *pro se* application for a writ of habeas corpus does not raise claims of prosecutorial misconduct based on the prosecutor having vouched for the credibility of the victim or shifting the burden of proof. However, these two grounds were raised on direct appeal by petitioner's appellate counsel. Therefore, to give petitioner every benefit, the court will address the merits of these grounds for petitioner's prosecutorial misconduct claim.

evidence regarding petitioner's surrender to the Federal Bureau of Investigation ("FBI") in Virginia when the prosecutor made the following comments during his summation:

> [counsel] agree that [petitioner] disappeared immediately after this crime, that [defense counsel] argues never occurred, that this man disappeared before anyone confronted him, just disappeared until the FBI found him, but that's where the agreement ends.
>
> . . . .
>
> What does [petitioner] do? He packs his bag and decides this is as good a time as any to leave. He disappears before anyone tells him anything, and he is found by the FBI in Virginia.

Tr. 407, 421. Defense counsel objected to the latter comment, and stated, "[i]t is a voluntary surrender," at which point the prosecutor corrected himself and stated, "[petitioner] voluntarily surrenders himself to the FBI in Virginia. Must have been looking for him, because he surrendered. Surrendered hundreds of miles away weeks and weeks after the crime. Why? Because he knows what he did and he fled." Tr. 421. The prosecutor's statements were a fair comment on the evidence adduced at trial. The victim, petitioner's grandmother, testified that petitioner had been living with her at the time of the sexual assault, but he did not return to her apartment following the incident. Tr. 259-60, 276. The victim's son also testified that, when he arrived at his mother's apartment after the sexual assault, petitioner's personal belongings were gone. Tr. 234. Furthermore, the prosecutor's remarks were responsive to the comment made by the defense counsel during summation that petitioner already had plans to move out of the victim's apartment. Tr. 397.

Next, petitioner argues that the prosecutor engaged in misconduct by vouching for the credibility of the victim. This argument is unpersuasive. The prosecutor did not engage in personal vouching but merely responded to the remarks made during defense counsel's summation which suggested that the 85 year old victim, while not untruthful, was delusional. The prosecutor therefore

7

offered reasons to the jury for them to accept her testimony as accurate. *Cf. United States v. Perez*, 144 F.3d 204, 210 (2d Cir. 1998)("Prosecutors have greater leeway in commenting on the credibility of their witnesses when the defense has attacked that credibility.")

Petitioner further maintains that the prosecutor shifted the burden of proof when he stated, "[t]alk about reasonable doubt, which is the crux of our entire legal system, and it is the one of the key questions you have to deal with in the jury room whether anything in this trial, anything gave rise to reasonable doubt." Tr. 405. Contrary to petitioner's argument, this portion of the prosecutor's summation did not shift the burden of proof to the defendant.

Petitioner also argues that the prosecutor improperly invoked the Bible when he stated:

> I stand before you asking that justice be done as surely as [the victim] fled into the street that winter morning crying fire, fire. Help. [A] [c]haracter in a very old book cried behold I cried violence but I hear no answer. Behold I cry violence but I hear no answer. His name is Jobe, [sic] and as he cried violence, and I heard no answer.
>
> . . . .
>
> Will [the victim] hear no answer to her cry of violence, or will she hear her answer in a guilty verdict?

Tr. 423. Defense counsel did not object to the prosecutor's comment, nor did the trial judge issue a curative instruction. Although the prosecutor's explicit invocation of the Bible was improper, petitioner was not deprived of a fair trial as a result of the impropriety. *See George v. Edwards,* Nos. 01-CV-6481, 03-MISC-0066, 2003 WL 22964391, at *6 (E.D.N.Y. 2003)(the prosecutor's statement comparing defendant to Judas-Iscariot was improper; however, petitioner was not "denied a fundamentally fair trial on the basis of these comments"); *cf. United States v. Melendez*, 57 F.3d 238, 243 (2d Cir. 1995)("Although no federal rule of procedure requires a mistrial motion in order to preserve the issue of prosecutorial misconduct for appeal, the absence of such a motion provides

some indication that the improper remark was not perceived as rendering the trial unfair and may indicate that defense counsel preferred to have this jury decide her client's fate.")

Having reviewed the transcript of the summations of both defense counsel and the prosecutor, the court cannot conclude that the prosecutor engaged in egregious misconduct, thereby giving rise to a due process violation. On the contrary, only a single isolated error occurred and, while there was no objection and no curative instruction at that time, the trial court did instruct the jury that statements made by either counsel during summation do not constitute evidence. Tr. 446-47. The effect of the error was *de minimis* and insufficient to constitute a due process violation. *See Miranda v. Bennett,* 322 F.3d 171, 180 (2d Cir. 2003). Whether, as respondent argues, the evidence was overwhelming, it was certainly sufficiently powerful that the prosecution's error cannot be said to have made the difference in the outcome of the verdict. Therefore, the court cannot say that the Appellate Division's ruling that "the prosecutor's comments either were fair comment on the evidence, permissive rhetorical comment, responsive to the defense counsel's summation, or not so prejudicial as to constitute reversible error" was an unreasonable application of federal law. Accordingly, petitioner's claim of prosecutorial misconduct is insufficient to warrant habeas relief.

### 2. Jury Instruction on Reasonable Doubt

Petitioner argues that the trial court improperly instructed the jury with regard to the definition of reasonable doubt in a supplemental charge, because, in response to a note from the jury, the trial court instructed the jury that "the doubt of guilt is not reasonable if *inferred* of being based on the nature and quality of the evidence or the insufficiency of the evidence, it is based on some guess or whim or speculation unrelated to the evidence in this case." Tr. 487 (emphasis added). Petitioner also asserts that the trial court erred by resettling the record without first conducting an

9

evidentiary hearing. Based on an affidavit from the court reporter, an affirmation from the prosecutor, and a review of the trial transcript, the trial court determined that there was a stenographic error in the trial transcript. As a result, the trial court granted the People's motion to resettle the record so that the word "instead" was substituted for the word "inferred." *People v. Williams*, No. 1336/00, slip op. at 2 (N.Y. Sup. Ct. Apr. 29, 2003)(Buchter, J.). The Appellate Division affirmed. *People v. Williams*, 2 A.D.3d 546 (2d Dep't 2003).

As previously stated, determinations of factual issues made by a state court are presumed to be correct, and petitioner has the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Petitioner's assertion that "there stands a chance that [the trial judge] could of [sic] misspoke" is insufficient to overcome the presumption that the state court's factual findings are correct.

**C. Petitioner's Request to Amend the Petition**

Finally, to the extent that petitioner now seeks to add claims based on (1) the ineffective assistance of trial counsel and (2) the ineffective assistance of appellate counsel, those claims are barred by the one year statute of limitations imposed by AEDPA. 28 U.S.C. § 2244(d). Petitioner's conviction became final on May 26, 2004, the date on which his time to seek a writ of certiorari from the United States Supreme Court expired. *See Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir. 2001). Therefore, the one year statute of limitations expired on May 26, 2005.

Petitioner raised the claim of ineffective assistance of trial counsel in this court for the first time in his application for a stay dated September 28, 2005. Thus, the statute of limitations on this claim had already expired when, on June 21, 2005, he moved to vacate the judgment pursuant to N.Y. Crim. Proc. Law § 440.10. Similarly, petitioner raised the claim of ineffective assistance of

10

appellate counsel in this court for the first time in an undated letter that was post-marked June 6, 2006. Attached to the letter is a copy of petitioner's writ of error *coram nobis*, which is dated April 15, 2006. The statute of limitations on this claim had already expired.

To add new claims once the statute of limitations has expired, petitioner is required to show that the amendments "relate back" to the claims in the original petition. Fed. R. Civ. P. 15(a); *Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 816 (2d Cir. 2000). An amendment relates back if the claim that is sought to be added "arose out of the conduct, transaction, or occurrence set forth" in the original petition. Fed. R. Civ. P. 15(c)(2). "So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." *Mayle v. Felix*, 545 U.S. 644, 125 S. Ct. 2562, 2574 (2005). A proposed amendment, however, will not relate back to the date of the original petition "when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.* at 2566.

Here, petitioner's claim of ineffective assistance of trial counsel is based on trial counsel's failure to: (1) secure petitioner's rights to be present during side bar conferences; (2) move for an order prior to trial, or at sentencing, for an examination to determine whether petitioner was mentally competent; (3) consult with expert witnesses; (4) adequately cross-examine the complaining witness regarding inconsistent statements; (5) object to the prosecutor's statement that petitioner's flight meant petitioner was guilty beyond a reasonable doubt; (6) request a jury charge regarding consciousness of guilt; and (7) move to dismiss the menacing conviction based on an inconsistent verdict since the jury determined that petitioner was not guilty of possession of a weapon, which is an element of menacing. Petitioner's claim of ineffective assistance of appellate counsel is based on appellate counsel's failure to argue that the verdict was against the weight of the

11

evidence because there was no physical evidence to prove that petitioner was guilty beyond a reasonable doubt.

The only claim that relates back to a claim in the original petition is the fifth trial counsel claim, namely that trial counsel should have objected to the prosecutor's use of flight evidence in his summation. In his petition, petitioner argues that he was denied a fair trial by the prosecutor's violation of a stipulation relating to petitioner having been found in another state. Petition at 15. In his argument on this point, he made reference to the prosecutor's use of flight evidence as a means of attempting to prove petitioner's guilt. Petition at 16-19. Thus, petitioner's ineffective assistance of trial counsel claim is supported by facts that are sufficiently similar in time and type to those asserted in the original petition to warrant a finding that the claim relates back to the date of the original petition. *See Mayle,* 125 S. Ct. at 2566; *Ramdeo v. Phillips*, No. 04-CV-1157, 2006 WL 297462, at *4 (E.D.N.Y. Feb. 8, 2006). However, this claim is procedurally defaulted, and as a result it would be futile to permit petitioner to amend his petition.

When a habeas corpus petitioner defaults a federal claim in state court, the independent and adequate state ground doctrine bars federal habeas corpus review. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). The independent and adequate state law ground may be either substantive or procedural. *Id.* at 729. A federal court may consider a claim that was defaulted in state court only if the petitioner demonstrates cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrates that failure to consider the claim would result in a fundamental miscarriage of justice because the petitioner is actually innocent of the crime for which he or she is convicted. *Id.* at 750.

Here, petitioner did not include his claim of ineffective assistance of trial counsel on direct

appeal. Instead, petitioner filed a post-conviction motion to vacate the judgment, pursuant to N.Y. Crim. Proc. Law § 440.10, on the ground of ineffective assistance of trial counsel. The trial court relied on N.Y. Crim. Proc. Law § 440.10[2][c] in holding that petitioner's ineffective assistance of trial counsel claim was procedurally barred; the court found that the alleged error of counsel appeared on the trial record and therefore should have been included in petitioner's direct appeal. *People v. Williams*, No. 1336/00, slip op. at 1-2 (N.Y. Sup. Ct. Dec. 21, 2005)(Buchter, J.). The trial court's explicit invocation of the procedural default pursuant to N.Y. Crim. Proc. Law § 440.10[2][c] constitutes an independent and adequate state ground, notwithstanding that the court addressed the merits of the claim in an alternative holding. *Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989)("a state court need not fear reaching the merits of a federal claim in an *alternative* holding" as long as it "explicitly invokes a state procedural bar rule as a separate basis for decision")(emphasis in original). Petitioner cites *Massaro v. United States*, 538 U.S. 500 (2003), for the proposition that these claims are not procedurally defaulted. However, the Second Circuit has stated that "*Massaro* is not a constitutional decision, and by its own language it did not extend its rule beyond § 2255." *Sweet v. Bennett*, 353 F.3d 135, 140 (2d Cir. 2003).

Petitioner does not allege, nor can he establish, either cause and prejudice or actual innocence to overcome the procedural default of this claim. Accordingly, petitioner's ineffective assistance of trial counsel claim is procedurally barred from federal habeas corpus review and amendment of the petition to add the claim would be futile.

## III. CONCLUSION

For the reasons set forth above, petitioner's application for a writ of habeas corpus is denied. Since petitioner has failed to make a substantial showing of the denial of a constitutional right, a

certificate of appealability shall not issue.  *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  Moreover, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that *in forma pauperis* status is denied for the purpose of an appeal.  The Clerk of Court is directed to enter judgment for respondent and close this case.

                **SO ORDERED.**

                 /s/ *Nina Gershon*
                **NINA GERSHON**
                **United States District Judge**

Dated: December 13, 2006
   Brooklyn, New York